# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

**vs**

**ALFRED W. LENZ**

_____

**Case Number: 2:14-cr-10-FtM-38CM**

**USM Number: 18021-040**

**Brian P. Lennon, Retained**
**111 Lyon N.W.**
**Suite 900**
**Grand Rapids, MI 49503**

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Two, and Three of the Indictment.  Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | December 4, 2009 | One |
| 18 U.S.C. § 1343 | Wire Fraud | January 21, 2010 | Two |
| 18 U.S.C. § 1343 | Wire Fraud | April 27, 2010 | Three |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as modified by United States v. Booker, 543 US 220 (2005).

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 3, 2014

_____

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

November ____6____, 2014

**ALFRED W. LENZ**
**2:14-cr-10-FtM-38CM**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 57 months, all counts to run concurrently.

**The Court makes the following recommendations as to incarceration:**

**Incarceration in a facility that is equipped to handle Defendant's medical needs and closest to home (Montague, Michigan)**

**The Defendant shall surrender for service of sentence at the Institution designated by the Bureau of Prisons before 2:00 P.M., on January 2, 2015 as notified by the U.S. Marshal.  If an institution has not yet been designated by the date the Defendant was ordered to self-surrender, the Defendant shall surrender to the United States Marshals Office.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

ALFRED W. LENZ
2:14-cr-10-FtM-38CM

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years, all counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.      The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.      The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3.      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.      The defendant shall support his or her dependents and meet other family responsibilities;

5.      The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.      The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7.      The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8.      The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.      The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10.     The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**ALFRED W. LENZ**
**2:14-cr-10-FtM-38CM**

11.     The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.


# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2.     You shall provide the probation officer access to any requested financial information.

3.     The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

4.     The mandatory drug testing requirements of the Violent Crime Control Act are waived.  However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

**ALFRED W. LENZ**
**2:14-cr-10-FtM-38CM**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$300.00** | **Waived** | **$2,380,465.11** |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.  Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

The parties have agreed that Vineyards Development Corporation is to receive payment first.  Once the restitution amount for Vineyards Development Corporation has been satisfied, then payments to Scottsdale Insurance Company will commence until such time as the restitution is satisfied.  Further, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Vineyards Development Corporation | $2,380,465.11 | $1,610,941.00 |
| Scottsdale Insurance Company | | $950,000.00 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Special Assessment in the amount of **$300.00** is due in full and immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position.  Upon release from custody, you are ordered to begin making payments of $500.00 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.

The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied.  While in custody, you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon release from custody, the defendant shall adhere to a payment schedule comprised of the balance of the unpaid restitution, as determined by the Probation Office.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

**ALFRED W. LENZ**
**2:14-cr-10-FtM-38CM**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) fine principal, (4) community restitution, (5) penalties, and (6) costs, including cost of prosecution and court costs.

# FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order for Forfeiture Money Judgment (Doc. #42), that are subject to forfeiture, which includes $2,380,465.11 representing the proceeds obtained by the Defendant as a result of the wire fraud scheme and Defendant's interest in the real property identified in the Order of Forfeiture and the contents of Charles Schwab account 2404-5786.

Interest on any fine or restitution of more than $2,500, is hereby **waived**.  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.